Chen v. Holder

BIA
Videla, IJ
A089 922 641

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:
    JOHN M. WALKER, JR.,
    ROSEMARY S. POOLER,
    REENA RAGGI,
        *Circuit Judges.*

_____

YAN CHEN,
        *Petitioner,*

        v.                                          12-3549
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Ernesto H. Molina,
                       Jr., Assistant Director; D. Nicholas
                       Harling, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the motion to supplement the record is GRANTED and the petition for review is DENIED.

Yan Chen, a native and citizen of China, seeks review of an August 13, 2012, decision of the BIA affirming the June 30, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Chen,* No. A089 922 641 (B.I.A. Aug. 13, 2012), *aff'g* No. A089 922 641 (Immig. Ct. N.Y. City June 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted and affirmed the IJ's decision, we have reviewed the IJ's decision as supplemented by the BIA decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as this one, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, "[c]onsidering the totality of the

circumstances," the agency may base a credibility determination on the demeanor of the applicant as well as the consistency in the applicant's statements and between those statements and record evidence, regardless of whether an inconsistency "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency reasonably relied on Chen's tendency to change her testimony when confronted with conflicting evidence. *See Xiu Xia Lin*, 534 F.3d at 167. First, Chen testified that she had never had a passport in China, but later admitted that she did have one. Second, Chen initially stated that she had only lived in New York since arriving in the United States, but later admitted that she spent the majority of her time in Virginia and only commuted to New York once a week for church. This amended testimony was not corroborated by Chen's witness, an elder in her church, who stated that he had no idea Chen was commuting from so far away to attend the weekly service. Because, in addition to the fact that the agency may rely on any inconsistency in reaching an adverse credibility determination, Chen's church attendance is directly material

to the authenticity of her claim that she practices Christianity and has a well-founded fear of future persecution on that basis, the agency did not err in relying on it to find Chen not credible under the totality of the circumstances. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (concluding that one instance of false testimony can infect the balance of the evidence).

The agency's adverse credibility determination is further supported by its demeanor finding – that Chen had a tendency to laugh or smile when confronted with inconsistent testimony. We afford "particular deference" to credibility determinations based on observation of the applicant's demeanor. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Given the inconsistencies and the demeanor finding, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination is dispositive of her claims for asylum,

4

withholding of removal, and CAT relief, and we decline to reach Chen's challenge to the agency's alternate burden of proof finding. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

The motion to supplement the record is GRANTED and the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk